# EXHIBIT A
# TO NOTICE OF REMOVAL

1 JULIAN HAMMOND, CA Bar No. 268489
Hammond.julian@gmail.com
2 HammondLaw, PC
1180 S. Beverly Drive, Suite 610
3 Los Angeles, CA 90035
(310) 601-6766
4 (310) 295-2385 (Fax)

5 ARI CHERNIAK, CA Bar No. 290071
ari.cherniak@gmail.com
6 HammondLaw, P.C.
1829 Reisterstown Rd. Suite 410
7 Baltimore, MD 21208
(443) 739-5758
8 (310) 295-2385 (Fax)

9 Attorneys for Plaintiff and Putative Class

10

SUMMONS ISSUED

F I L E D
Superior Court of California
County of San Francisco

FEB 28 2014

CLERK OF THE COURT
BY: _____
Deputy Clerk

11 IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

12 COUNTY OF SAN FRANCISCO

13

14 Etan Goldman, individually and on behalf of all
others similarly situated,

15 Plaintiff,

16 vs.

17 Dropbox, Inc., a Delaware Corporation

18 Defendant.

Case No.: CGC - 14 - 537731

CLASS ACTION

**COMPLAINT FOR: (1) VIOLATION OF
CALIFORNIA'S AUTOMATIC RENEWAL
LAW (CAL. BUS. PROF. CODE §§17600-
17604); (2) UCL VIOLATIONS (BUS. &
PROF. CODE §§ 17200-17204); (3)
INJUNCTIVE RELIEF AND RESTITUTION
(BUS. & PROF. CODE § 17535); (4)
VIOLATION OF THE CONSUMER LEGAL
REMEDIES ACT (CALIFORNIA CIVIL
CODE §§ 1750 ET SEQ.); AND (5) COMMON
COUNT FOR MONEY HAD AND
RECEIVED**

**DEMAND FOR JURY TRIAL**

19

20

21

22

23

24

25

26 BY FAX

27

28

Plaintiff Etan Goldman ("Plaintiff"), on behalf of himself and all others similarly situated, complains and alleges as follows:

**OVERVIEW OF CLAIMS**

1. This is a class action, under California Code of Civil Procedure §382, seeking restitution, injunctive and/or other equitable relief and reasonable attorneys' fees and costs under California Business and Professions Code (hereinafter "Cal. Bus. & Prof. Code") §§17602, 17603, 17604, 17535, and 17200, *et seq.*, and California Civil Code § 1780, on behalf of Plaintiff and all other similarly situated individuals who upgraded their Dropbox accounts from a free account to a Dropbox Pro Account (hereinafter "Pro Account") using their personal computers, in California, ("Class Members") from Dropbox, Inc. ("Dropbox" or "Defendant"), a Delaware Corporation with its principal place of business in San Francisco, California, since December 1, 2010 (the "Class Period"). Plaintiff and Class Members are consumers for purposes of Cal. Bus. Prof. Code §§17600-17606 and California Civil Code §§1750- 1784.

2. During the Class Period, Dropbox made an automatic renewal or continuous service offer to consumers in and throughout California and (1) at the time of making the automatic renewal or continuous service offer, failed to present the automatic renewal offer terms, or continuous service offer terms, in a clear and conspicuous manner and in visual proximity to the request for consent to the offer before the subscription or purchasing agreement was fulfilled in violated of Cal. Bus. Prof. Code §17602(a)(1); (2) charged Plaintiff and Class Members' credit or debit cards, or third party account (hereinafter "payment method"), without first obtaining Plaintiff and Class Members' affirmative consent to the agreement containing the automatic renewal offer terms or continuous service offer terms in violation of Cal. Bus. Prof. Code §17602(a)(2); and (3) failed to provide an acknowledgment that includes the automatic renewal or continuous service offer terms, cancellation policy, and information regarding how to cancel in a manner that is capable of being retained by the consumer in

COMPLAINT FOR: (1) VIOLATION OF CALIFORNIA'S AUTOMATIC RENEWAL LAW (CAL. BUS. PROF. CODE §§17600-17604); (2) UCL VIOLATIONS (BUS. & PROF. CODE §§ 17200-17204); (3) INJUNCTIVE RELIEF AND RESTITUTION (BUS. & PROF. CODE § 17535); (4) VIOLATION OF THE CONSUMER LEGAL REMEDIES ACT (CALIFORNIA CIVIL CODE §§ 1750 ET SEQ.); AND (5) COMMON COUNT FOR MONEY HAD AND RECEIVED – CASE NO.:

1  violation of Cal. Bus. Prof. Code §17602(a)(3). As a result all goods, wares, merchandise, or products

2  sent to Plaintiff and Class Members under the automatic renewal or continuous service agreement is

3  deemed to be an unconditional gift pursuant to Cal. Bus. Code §17603.

4      3.     As a result of the above, Plaintiff, on behalf of himself and Class Members, seeks

5  restitution, declaratory relief, injunctive relief and reasonable attorneys' fees and costs pursuant to

6  Cal Bus. Prof. Code §§ 17603, 17203, 17204, and 17535 and California Civil Code § 1780.

7      4.     The "Class Period" is designated as the period from December 1, 2010 through to the

8  trial date. Defendant's violations of California's Business and Professions Code and unfair

9  competition laws, as described more fully below, have been ongoing since December 1, 2010, and are

10  continuing at present.

11

12                                          **JURISDICTION**

13      5.     This Court has jurisdiction over the claims for injunctive relief, declaratory relief and

14  restitution arising from Defendant's unlawful business practices, under California's Business &

15  Professions Code §§ 17603, 17203, 17204, and 17535.

16      6.     This Court has jurisdiction over the claims for violation of the Consumer Legal

17  Remedies Act under California Civil Code § 1780.

18                                            **VENUE**

19      7.     Defendant is located in San Francisco, California. As such, venue as to Defendant is

20  proper in the County of San Francisco pursuant to California Code of Civil Procedure §395(a).

21                                           **PARTIES**

22

23      8.     Plaintiff Etan Goldman resides in Los Angeles. In May 2012, Plaintiff upgraded his

24  Dropbox account from a free account to a Dropbox Pro account, on his laptop computer in California.

25

26

27                                              3

28  COMPLAINT FOR: (1) VIOLATION OF CALIFORNIA'S AUTOMATIC RENEWAL LAW (CAL. BUS. PROF. CODE §§17600-17604); (2) UCL
VIOLATIONS (BUS. & PROF. CODE §§ 17200-17204); (3) INJUNCTIVE RELIEF AND RESTITUTION (BUS. & PROF. CODE § 17535); (4)
VIOLATION OF THE CONSUMER LEGAL REMEDIES ACT (CALIFORNIA CIVIL CODE §§ 1750 ET SEQ.); AND (5) COMMON COUNT FOR
MONEY HAD AND RECEIVED – CASE NO.:

During that time, Plaintiff was subject to Defendant's unlawful policies and/or practices set forth herein.

9. Defendant Dropbox, Inc. is a Delaware corporation with its principal place of business located at 185 Berry Street, Suite 400, San Francisco, California. Defendant operates and, at all times during the Class Period, has done business throughout California. The policies and practices complained of herein were formulated, implemented, and maintained, in whole or in substantial part, at that address.

10. All of Plaintiff's claims stated herein are asserted against Defendant and any of its predecessors, successors, and/or assigns that do, or have done, business, with Class Members in California during the Class Period.

## FACTUAL BACKGROUND

### California Business Professions Code §§17600-17606

11. On December 1, 2010, §§ 17600-17606 of Article 9, of Chapter 1 of Part 3, of Division 7 of the Cal. Bus. Prof. Code came into effect. The stated intent of the Legislature of this Article was to end the practice of ongoing charging of consumers' payment methods without the consumers' explicit consent for ongoing shipments of a product or ongoing deliveries of service: *See*, §17600 of the Cal. Bus. Prof. Code.

12. Cal Bus. Prof. Code § 17602(a) makes it unlawful for any business making an automatic renewal or continuous service offer to a consumer in this state to do any of the following:

(1) Fail to present the automatic renewal offer terms or continuous service offer terms in a clear and conspicuous manner before the subscription or purchasing agreement is fulfilled and in visual proximity, or in the case of an offer conveyed by voice, in temporal proximity, to the request for consent to the offer.

COMPLAINT FOR: (1) VIOLATION OF CALIFORNIA'S AUTOMATIC RENEWAL LAW (CAL. BUS. PROF. CODE §§17600-17604); (2) UCL VIOLATIONS (BUS. & PROF. CODE §§ 17200-17204); (3) INJUNCTIVE RELIEF AND RESTITUTION (BUS. & PROF. CODE § 17535); (4) VIOLATION OF THE CONSUMER LEGAL REMEDIES ACT (CALIFORNIA CIVIL CODE §§ 1750 ET SEQ.); AND (5) COMMON COUNT FOR MONEY HAD AND RECEIVED – CASE NO.:

1  (2) Charge the consumer's credit or debit card or the consumer's account with a third party for

2   an automatic renewal or continuous service without first obtaining the consumer's

3   affirmative consent to the agreement containing the automatic renewal offer terms or

4   continuous service offer terms.

5  (3) Fail to provide an acknowledgment that includes the automatic renewal or continuous

6   service offer terms, cancellation policy, and information regarding how to cancel in a

7   manner that is capable of being retained by the consumer. If the offer includes a free trial,

8   the business shall also disclose in the acknowledgment how to cancel and allow the

9   consumer to cancel before the consumer pays for the goods or services.

10  13.  Cal. Bus. Prof. Code 17601(a) defines the term "Automatic renewal" as a plan or

11 arrangement in which a paid subscription or purchasing agreement is automatically renewed at the end

12 of a definite term for a subsequent term.

13  14.  Cal. Bus. Prof. Code 17601(b) defines the term "Automatic renewal offer terms" as "the

14 following clear and conspicuous disclosures: (1) That the subscription or purchasing agreement will

15 continue until the consumer cancels. (2) The description of the cancellation policy that applies to the

16 offer. (3) The recurring charges that will be charged to the consumer's credit or debit card or payment

17 account with a third party as part of the automatic renewal plan or arrangement, and that the amount of

18 the charge may change, if that is the case, and the amount to which the charge will change, if known.

19 (4) The length of the automatic renewal term or that the service is continuous, unless the length of the

20 term is chosen by the consumer. (5) The minimum purchase obligation, if any."

21  15.  Pursuant to §17601(c), "clear and conspicuous" or "clearly and conspicuously" means

22 "in larger type than the surrounding text, or in contrasting type, font, or color to the surrounding text of

23 the same size, or set off from the surrounding text of the same size by symbols or other marks, in a

24 manner that clearly calls attention to the language."

25

26

27

28 

1    16.    § 17603 of the Cal. Bus. Prof Code provides: "In any case in which a business sends

2    any goods, wares, merchandise, or products to a consumer, under a continuous service agreement or

3    automatic renewal of a purchase, without first obtaining the consumer's affirmative consent as

4    described in Section 17602, the goods, wares, merchandise, or products shall for all purposes be

5    deemed an unconditional gift to the consumer, who may use or dispose of the same in any manner he

6    or she sees fit without any obligation whatsoever on the consumer's part to the business, including, but

7    not limited to, bearing the cost of, or responsibility for, shipping any goods, wares, merchandise, or

8    products to the business."

9    **Defendant's Business**

10   17.    Defendant's website is www.dropbox.com. Defendant operates, and throughout the

11   Class Period has operated, through its website, a file hosting service that offers cloud storage, file

12   synchronization, and client software to consumers ("service" or services"). In order to use Defendant's

13   service, during the Class Period, Plaintiff and Class Members signed up and created a Dropbox

14   account by entering their first and last names, email addresses, and a password.  In order to complete

15   creating the account, Plaintiff and Class Members were also required to check a box that says, "I agree

16   to Dropbox Terms."

17   **Legal Agreement**

18   18.    The words "Dropbox Terms" are a hyperlink to the Dropbox Terms of Service

19   (Attached as Exhibit "A").  The Terms of Service provides: "These terms of service (the **"Terms"**)

20   govern your access to and use of Dropbox (**"we"** or **"our"**) websites and services (the **"Services"**), so

21   please carefully read them before using the Services." And "**By using the Service you agree to be**

22   **bound by these Terms."** And in the last paragraph provides: "These Terms constitute the entire and

23   exclusive agreement between you and Dropbox with respect to the Services, and supersede and replace

24   any other agreements, terms and conditions applicable to the Services."

COMPLAINT FOR:  (1) VIOLATION OF CALIFORNIA'S AUTOMATIC RENEWAL LAW (CAL. BUS. PROF. CODE §§17600-17604); (2) UCL
VIOLATIONS (BUS. & PROF. CODE §§ 17200-17204); (3) INJUNCTIVE RELIEF AND RESTITUTION (BUS. & PROF. CODE § 17535); (4)
VIOLATION OF THE CONSUMER LEGAL REMEDIES ACT (CALIFORNIA CIVIL CODE §§  1750 ET SEQ.); AND (5) COMMON COUNT FOR
MONEY HAD AND RECEIVED – CASE NO.:

1    19.    Throughout the Terms, Defendant used various methods to draw the readers attention to

2    important language contained therein, including using bold font, and/or all capital letters, such as when

3    it bolded the term **"By using the Services you agree to be bound by these Terms"** and when it used

4    all capital letters to limit its liability and choice of law clause.

5    **Other Documents**

6    20.    At the top of the Terms of Service webpage, Defendant provided hyperlinks to other

7    information, including "Business Agreement" (Attached as Exhibit B), "Privacy Policy," "DMCA

8    Policy," "Pricing Terms" (Attached as Exhibit C), "Security Overview, and "Acceptable Use,"

9    (hereinafter, collectively, these are referred to as the "Dropbox Policies"). The information under each

10   tab was accessible to Plaintiff and Class Members by clicking on the tab. Again, throughout these

11   Dropbox Policies, Dropbox used various methods to draw the reader's attention to important language

12   contained therein, including using bold font, and/or all capital letters. An example of this is in the

13   Pricing policy, when Defendant used all capitals for the clause "DROPBOX DOES NOT PROVIDE

14   REFUNDS OR CREDITS FOR ANY PARTIAL MONTHS OR YEARS." Another example is in the

15   Business Agreement, under the heading "Fees & Payment", where Defendant used all capital letters to

16   draw the readers attention to its automatic renewal policy, and stated as follows: IF CUSTOMER'S

17   ACCOUNT IS SET TO AUTO RENEWAL, OR IS IN A TRIAL PERIOD, DROPBOX MAY

18   AUTOMATICALLY CHARGE AT THE END OF THE TRIAL, OR FOR THE RENEWAL,

19   UNLESS CUSTOMER NOTIFIES DROPBOX THAT CUSTOMER WANTS TO CANCEL OR

20   DISABLE AUTO RENEWAL."

21   **Failure to Provide Clear and Conspicuous Disclosures as Required by Law**

22   21.    Within the Terms of Service, or in fact anywhere on its website (including within the

23   Pricing Terms), Defendant failed to state in clear and conspicuous language, i.e. in larger type than the

24   surrounding text, or in contrasting type, font, or color to the surrounding text of the same size, or set

25

26

27

28   COMPLAINT FOR: (1) VIOLATION OF CALIFORNIA'S AUTOMATIC RENEWAL LAW (CAL. BUS. PROF. CODE §§17600-17604); (2) UCL
     VIOLATIONS (BUS. & PROF. CODE §§ 17200-17204); (3) INJUNCTIVE RELIEF AND RESTITUTION (BUS. & PROF. CODE § 17535); (4)
     VIOLATION OF THE CONSUMER LEGAL REMEDIES ACT (CALIFORNIA CIVIL CODE §§ 1750 ET SEQ.); AND (5) COMMON COUNT FOR
     MONEY HAD AND RECEIVED – CASE NO.:

1  off from the surrounding text of the same size by symbols or other marks, in a manner that clearly calls
2  attention to the language that:
3     (1) The subscription or purchasing agreement will continue until the consumer cancels.
4     (2) Describes the cancellation policy that applies to the offer.
5     (3) The recurring charges that will be charged to the consumer's credit or debit card or payment
6     account with a third party as part of the automatic renewal plan or arrangement, and that the
7     amount of the charge may change, if that is the case, and the amount to which the charge will
8     change, if known.
9     (4) The length of the automatic renewal term or that the service is continuous, unless the length
10    of the term is chosen by the consumer.
11    (5) There is a minimum purchase obligation, if any.
12 (Hereinafter "automatic renewal offer and continuous service offer disclosure failures.")

13 **Defendant Fails to Present the Automatic Renewal Offer Terms or Continuous Service**
14 **Offer Terms in a Clear and Conspicuous Manner Before the Subscription or Purchasing**
15 **Agreement was Fulfilled and in Visual Proximity to the Request for Consent to the Offer**
16 **In Violation of Cal. Bus. Prof. Code §17602(a)(1)**

17    22.    During the Class Period, Defendant made, and continues to make, an automatic renewal
18 offer to consumers in California, including Plaintiff and Class Members, using the word "upgrade".
19 After logging in to their Dropbox accounts, Plaintiff and Class Members could select the "upgrade"
20 button from a drop-down menu that appeared on the top right of every page of Defendant's website
21 once consumers logged in. After the Plaintiff and Class Members pressed the "upgrade" button,
22 Plaintiff and Class Members were, and are, navigated to a page where they clicked on an "upgrade"
23 button to select a Pro Account. After Plaintiff and Class Members clicked on the "upgrade" button for
24 the Pro Account, they were, and are, brought to the checkout page.
25
26
27                                                 8
28 COMPLAINT FOR: (1) VIOLATION OF CALIFORNIA'S AUTOMATIC RENEWAL LAW (CAL. BUS. PROF. CODE §§17600-17604); (2) UCL
VIOLATIONS (BUS. & PROF. CODE §§ 17200-17204); (3) INJUNCTIVE RELIEF AND RESTITUTION (BUS. & PROF. CODE § 17535); (4)
VIOLATION OF THE CONSUMER LEGAL REMEDIES ACT (CALIFORNIA CIVIL CODE §§ 1750 ET SEQ.); AND (5) COMMON COUNT FOR
MONEY HAD AND RECEIVED – CASE NO.:

23.     At the checkout page, Plaintiff and Class Members selected, and select, the amount of space desired (100 GB, 200 GB or 500 GB), whether they would like to be billed monthly or yearly, their payment method information, and below that, they click a button labeled "Upgrade to Pro". Beneath the "Upgrade to Pro" button, in a smaller font size than that of the text on the rest of the page, it is written, "By upgrading your account, you agree to the Dropbox Pricing Terms. You will be charged $99.00 yearly until you cancel your subscription." (The dollar amount contained in this statement amount changes depending on the amount of space and the type of subscription plan that the consumer selects.) The words "Pricing Terms" are a hyperlink that link directly to the Pricing Terms. After clicking on the "Upgrade To Pro" button, Defendant charged, and continues to charge, Plaintiff and Class Members' payment method.

24.     As a result of the above (including the automatic renewal offer and continuous service offer disclosure failures referred to in paragraph 21 above), Defendant, in violation of Cal. Bus. & Prof. Code §17602(a)(1), made an automatic renewal or continuous service offer to consumers, including Plaintiff and Class Members, in California, yet failed to present the automatic renewal offer terms, or continuous service offer terms, in a clear and conspicuous manner before the subscription or purchasing agreement was fulfilled and in visual proximity, to the request for consent to the offer.

**Defendant Fails to Obtain Affirmative Consent to the Agreement Containing the Automatic Renewal Offer Terms In Violation of Cal. Bus. Prof. Code §17602(a)(2),**

25.     Furthermore, and in addition to the above, throughout the Class Period, after pressing the "Upgrade To Pro" button, Plaintiff and Class Members' payment method were, and are, charged the monthly or yearly subscription amount. Thereafter, Defendant charged, and continues to charge, Plaintiff and Class Members' payment method on a monthly or yearly basis, and as such, is an automatic renewal plan within the meaning Cal. Bus. & Prof. Code. §17601(1). Furthermore, the file

COMPLAINT FOR: (1) VIOLATION OF CALIFORNIA'S AUTOMATIC RENEWAL LAW (CAL. BUS. PROF. CODE §§17600-17604); (2) UCL VIOLATIONS (BUS. & PROF. CODE §§ 17200-17204); (3) INJUNCTIVE RELIEF AND RESTITUTION (BUS. & PROF. CODE § 17535); (4) VIOLATION OF THE CONSUMER LEGAL REMEDIES ACT (CALIFORNIA CIVIL CODE §§ 1750 ET SEQ.); AND (5) COMMON COUNT FOR MONEY HAD AND RECEIVED – CASE NO.:

1    storing services continues until cancelled, and therefore, is, and was, a continuous service plan or

2    arrangement as defined by Cal. Bus. & Prof. Code §17601(e).

3         26.    As a result of the above (including the automatic renewal offer and continuous service

4    offer disclosure failures referred to in paragraph 21 above), prior to charging Plaintiff and Class

5    Members' payment method, Defendant completely failed, and continues to fail, to obtain Plaintiff and

6    Class Members' affirmative consent to the agreement containing the automatic renewal offer terms or

7    continuous service offer terms.

8         27.    As a result of the above allegations, Defendant violated Cal. Bus. & Prof. Code

9    §17602(a)(2), and as such, all goods, wares, merchandise, or products, sent to Plaintiff and Class

10   Members under the automatic renewal or continuous service agreement is deemed to be an

11   unconditional gift pursuant to Cal. Bus. & Prof. Code §17603, and they may use or dispose of the same

12   in any manner they see fit without any obligation whatsoever on the consumer's part to the business,

13   including, but not limited to, bearing the cost of, or responsibility for, shipping any goods, wares,

14   merchandise, or products to the business.

15        **Defendant Failed to Provide an Acknowledgment as per Cal. Bus. Prof. Code**

16        **§17602(a)(3)**

17

18        28.    Furthermore, and in addition to the above, after Plaintiff and Class Members upgraded

19   to the Pro Account, Defendant sent, and continues to send, Plaintiff and Class Members an email.

20   However, that email failed, and continues to fail, to provide an acknowledgement that includes the

21   automatic renewal or continuous service offer terms, cancellation policy, and information on how to

22   cancel in a manner that is capable of being retained by Class Members, in violation of Cal. Bus. &

23   Prof. Code §17602(a)(3). Moreover, Defendant failed to provide Plaintiff and Class Members with an

24   acknowledgement regarding how to cancel the free trial and allow Plaintiff and Class Members to

25   cancel before payment.

26

27                                               10
COMPLAINT FOR: (1) VIOLATION OF CALIFORNIA'S AUTOMATIC RENEWAL LAW (CAL. BUS. PROF. CODE §§17600-17604); (2) UCL
28   VIOLATIONS (BUS. & PROF. CODE §§ 17200-17204); (3) INJUNCTIVE RELIEF AND RESTITUTION (BUS. & PROF. CODE § 17535); (4)
     VIOLATION OF THE CONSUMER LEGAL REMEDIES ACT (CALIFORNIA CIVIL CODE §§ 1750 ET SEQ.); AND (5) COMMON COUNT FOR
     MONEY HAD AND RECEIVED – CASE NO.:

## CLASS ACTION ALLEGATIONS

29.     Plaintiff brings this action on behalf of himself and all others similarly situated, as a class action pursuant to Code of Civil Procedure § 382. The Class that Plaintiff seeks to represent is composed of and defined as all persons who upgraded their Dropbox accounts from a free account to a Dropbox Pro Account subscription from Defendant's website utilizing their personal computer, in California, (hereinafter "Class Members") from Dropbox, Inc. ("Dropbox" or "Defendant"), a California Corporation with its principal place of business in San Francisco, since December 1, 2010.

30.     This action has been brought and may properly be maintained as a class action under Code of Civil Procedure §382 because there is a well-defined community of interest in the litigation, the proposed class is easily ascertainable, and Plaintiff is a proper representatives of the Class:

a.      Numerosity: The potential members of the Class as defined are so numerous and so diversely located throughout California, that joinder of all the members of the Class is impracticable. The Class Members are dispersed throughout California. Joinder of all members of the proposed class is therefore not practicable.

b.      Commonality: There are questions of law and fact common to the Plaintiff and the Class that predominate over any questions affecting only individual members of the Class. These common questions of law and fact include, without limitation:

i. Whether Defendant charged Plaintiff and Class Members' payment method for an automatic renewal or continuous service without first obtaining the Plaintiff and Class Members' affirmative consent to the agreement containing the automatic renewal offer terms or continuous service offer terms in violation of Cal. Bus. Code §17602(a)(2);

ii. Whether Defendant's Legal Policies contained the automatic renewal offer terms and/or continuous service offer terms as defined by Cal. Bus. Prof Code §17601;

COMPLAINT FOR: (1) VIOLATION OF CALIFORNIA'S AUTOMATIC RENEWAL LAW (CAL. BUS. PROF. CODE §§17600-17604); (2) UCL VIOLATIONS (BUS. & PROF. CODE §§ 17200-17204); (3) INJUNCTIVE RELIEF AND RESTITUTION (BUS. & PROF. CODE § 17535); (4) VIOLATION OF THE CONSUMER LEGAL REMEDIES ACT (CALIFORNIA CIVIL CODE §§ 1750 ET SEQ.); AND (5) COMMON COUNT FOR MONEY HAD AND RECEIVED – CASE NO.:

iii. Whether Defendant failed to present the automatic renewal offer terms, or continuous service offer terms, in a clear and conspicuous manner before the subscription or purchasing agreement was fulfilled and in visual proximity, or in the case of an offer conveyed by voice, in temporal proximity, to the request for consent to the offer in violation of Cal. Bus. Code §17602(a)(1);

iv. Whether Defendant failed to provide an acknowledgement that included the automatic renewal or continuous service offer terms, cancellation policy, and information on how to cancel in a manner that is capable of being retained by Class Members, in violation of Cal. Bus. & Prof. Code §17602(a)(3);

v. Whether Cal. Bus. & Prof. Code § 17603 provides for restitution for money paid by Class Members in circumstances where the goods and services provided by Defendant is deemed an unconditional gift;

vi. Whether Plaintiff and Class Members are entitled to restitution under Cal. Bus. & Prof. Code. § 17200-17203;

vii. Whether Plaintiff and Class Members are entitled to declaratory relief, injunctive relief and/or restitution under Cal. Bus. & Prof. Code. § 17535;

viii. Whether Plaintiff and Class Members are entitled to injunctive relief, attorneys fees' and costs under California Civil Code § 1780; and

ix. The proper formula(s) for calculating restitution owed to Class Members.

c.     Typicality:  Plaintiff's claims are typical of the claims of the Class.  Both Plaintiff and Class Members were deprived of property rightly belonging to them, arising out of, and caused by, Defendant's common course of conduct in violation of law as alleged herein, in similar ways.

COMPLAINT FOR:  (1) VIOLATION OF CALIFORNIA'S AUTOMATIC RENEWAL LAW (CAL. BUS. PROF. CODE §§17600-17604); (2) UCL VIOLATIONS (BUS. & PROF. CODE §§ 17200-17204); (3) INJUNCTIVE RELIEF AND RESTITUTION (BUS. & PROF. CODE § 17535); (4) VIOLATION OF THE CONSUMER LEGAL REMEDIES ACT (CALIFORNIA CIVIL CODE §§ 1750 ET SEQ.); AND (5) COMMON COUNT FOR MONEY HAD AND RECEIVED – CASE NO.:

1        d.    <u>Adequacy of Representation</u>: Plaintiff is a member of the Class and will fairly

2    and adequately represent and protect the interests of the Class Members. Plaintiff's interests do not

3    conflict with those of Class Members. Counsel who represent Plaintiff are competent and experienced

4    in litigating large class actions, and will devote sufficient time and resources to the case and otherwise

5    adequately represent the Class.

6        e.    <u>Superiority of Class Action</u>: A class action is superior to other available means

7    for the fair and efficient adjudication of this controversy. Individual joinder of all Class Members is

8    not practicable, and questions of law and fact common to the Class predominate over any questions

9    affecting only individual members of the Class. Plaintiff and Class Members have suffered, or may

10   suffer loss in the future, by reason of Defendant's unlawful policies and/or practices of not complying

11   with Cal. Bus. & Prof. Code §§ 17600-17606. Certification of this case as a class action will allow

12   those similarly situated persons to litigate their claims in the manner that is most efficient and

13   economical for the parties and the judicial system. Certifying this case as a class action is superior

14   because it allows for efficient and full restitution to Class Members, and will thereby effectuate

15   California's strong public policy of protecting the California public from violations of its laws. If this

16   action is not certified as a Class Action, it will be impossible, as a practical matter, for many or most

17   Class Members to bring individual actions to recover monies due from Defendant due to the relatively

18   small amounts of such individual recoveries relative to the costs and burdens of litigation.

19   <div align="center"><b><u>FIRST CAUSE OF ACTION</u></b></div>

20   <div align="center"><b>FAILURE TO OBTAIN THE CONSUMER'S AFFIRMATIVE CONSENT BEFORE THE<br>SUBSCRIPTION IS FULFILLED<br>(CAL. BUS. & PROF. CODE §§ 17602(a) (2) and 17603)</b></div>
21

22       31.    The allegations of Paragraphs 1 through 30 are realleged and incorporated herein by

23   reference, and Plaintiff alleges this cause of action on behalf of himself and the above-described class

24   of similarly situated Class Members.

25       32.    Cal. Bus. & Prof. Code § 17602(a)(2) provides:

26

27   <div align="center">13</div>

28   <div align="center" style="font-size:small">COMPLAINT FOR: (1) VIOLATION OF CALIFORNIA'S AUTOMATIC RENEWAL LAW (CAL. BUS. PROF. CODE §§17600-17604); (2) UCL<br>VIOLATIONS (BUS. & PROF. CODE §§ 17200-17204); (3) INJUNCTIVE RELIEF AND RESTITUTION (BUS. & PROF. CODE § 17535); (4)<br>VIOLATION OF THE CONSUMER LEGAL REMEDIES ACT (CALIFORNIA CIVIL CODE §§ 1750 ET SEQ.); AND (5) COMMON COUNT FOR<br>MONEY HAD AND RECEIVED – CASE NO.:</div>

1    "(a) It shall be unlawful for any business making an automatic renewal or

2    continuous service offer to a consumer in this state to do any of the following:

3        (2) Charge the consumer's credit or debit card or the consumer's account

4    with a third party for an automatic renewal or continuous service without first

5    obtaining the consumer's affirmative consent to the agreement containing the

6    automatic renewal offer terms or continuous service offer terms.

7    33.    Defendant charged, and continues to charge, Plaintiff and Class Members' payment

8    method for an automatic renewal or continuous service without first obtaining Plaintiff and Class

9    Members' affirmative consent to the agreement containing the automatic renewal offer terms or

10   continuous service offer terms.

11   34.    As a result of Defendant's violations of Cal. Bus. & Prof. Code § 17602(a) (2),

12   Defendant is liable to provide restitution to Plaintiff and Class Members under Cal. Bus. & Prof. Code

13   §17603.

14   35.    Plaintiff, on behalf of himself and Class Members, requests relief as described below.

15                           **SECOND CAUSE OF ACTION**
16                  **UNFAIR COMPETITION LAW VIOLATIONS**
                       **(BUS. & PROF. CODE § 17200 et. seq.)**

17   36.    The allegations of Paragraphs 1 through 35 are realleged and incorporated herein by

18   reference, and Plaintiff alleges this cause of action on behalf of himself and the above-described class

19   of similarly situated Class Members.

20   37.    Business & Professions Code §§17200, et seq. (the "UCL") prohibits unfair competition

21   in the form of any unlawful, unfair, or fraudulent business act or practice.  Business & Professions

22   Code § 17204 allows "any person who has suffered injury in fact and has lost money or property" to

23   prosecute a civil action for violation of the UCL.  Such a person may bring such an action on behalf of

24   himself and others similarly situated who are affected by the unlawful, unfair, or fraudulent business

25   practice.

26

27                                          14

28   COMPLAINT FOR:  (1) VIOLATION OF CALIFORNIA'S AUTOMATIC RENEWAL LAW (CAL. BUS. PROF. CODE §§17600-17604); (2) UCL
     VIOLATIONS (BUS. & PROF. CODE §§ 17200-17204); (3) INJUNCTIVE RELIEF AND RESTITUTION (BUS. & PROF. CODE § 17535); (4)
     VIOLATION OF THE CONSUMER LEGAL REMEDIES ACT (CALIFORNIA CIVIL CODE §§  1750 ET SEQ.); AND (5) COMMON COUNT FOR
     MONEY HAD AND RECEIVED – CASE NO.:

38.    Beginning at an exact date unknown to Plaintiff, but at least since December 1, 2010, and continuing to the present, Defendant has committed unlawful, unfair, and/or fraudulent business acts and practices as defined by the UCL, by violating Cal. Bus. & Prof. Code §17602(a)(1) and (2).

39.    As a direct and proximate result of Defendant's unlawful, unfair, and/or fraudulent acts and practices described herein, Defendant has received, and continues to hold, unlawfully obtained property and money belonging to Plaintiff and Class Members in the form of payments made for subscription agreements by Plaintiff and Class Members. Defendant has profited from its unlawful, unfair, and/or fraudulent acts and practices in the amount of those business expenses and interest accrued thereon.

40.    Plaintiff and similarly situated Class Members are entitled to restitution pursuant to Business & Professions Code §§ 17203 and 17208 for all monies paid by Class Members under the subscription agreements from December 1, 2010 to the date of such restitution, at rates specified by law. Defendant should be required to disgorge all the profits and gains it has reaped and restore such profits and gains to Plaintiff and Class Members, from whom they were unlawfully taken.

41.    Plaintiff and similarly situated Class Members are entitled to enforce all applicable penalty provisions of the Labor Code pursuant to Business & Professions Code § 17202.

42.    Plaintiff has assumed the responsibility of enforcement of the laws and public policies specified herein by suing on behalf of himself and other similarly situated members of the public who upgraded their Dropbox accounts from a free account to a Pro Account in California. Plaintiff's success in this action will enforce important rights affecting the public interest. Plaintiff will incur a financial burden in pursuing this action in the public interest. Therefore, an award of reasonable attorneys' fees to Plaintiff is appropriate pursuant to Code of Civil Procedure §1021.5.

43.    Plaintiff, on behalf of himself and Class Members, requests relief as described below.

COMPLAINT FOR: (1) VIOLATION OF CALIFORNIA'S AUTOMATIC RENEWAL LAW (CAL. BUS. PROF. CODE §§17600-17604); (2) UCL VIOLATIONS (BUS. & PROF. CODE §§ 17200-17204); (3) INJUNCTIVE RELIEF AND RESTITUTION (BUS. & PROF. CODE § 17535); (4) VIOLATION OF THE CONSUMER LEGAL REMEDIES ACT (CALIFORNIA CIVIL CODE §§ 1750 ET SEQ.); AND (5) COMMON COUNT FOR MONEY HAD AND RECEIVED – CASE NO.:

## THIRD CAUSE OF ACTION
## INJUNCTIVE RELIEF AND RESTITUTION
### (BUS. & PROF. CODE § 17535)

44.     The allegations of Paragraphs 1 through 43 are realleged and incorporated herein by reference, and Plaintiff alleges this cause of action on behalf of himself and the above-described class of similarly situated Class Members.

45.     Business & Professions Code §17535, *et seq.* (the "UCL") allows "any person who has suffered injury in fact and has lost money or property" to prosecute a civil action for violation of the UCL. Such a person may bring such an action on behalf of himself and others similarly situated who are affected by the unlawful, unfair, or fraudulent business practice.

46.     Beginning at an exact date unknown to Plaintiff, but at least since December 1, 2010, and continuing to the present, Defendant has committed unlawful, unfair, and/or fraudulent business acts and practices as defined by the UCL, by violating Cal. Bus. Prof. Code §17602.

47.     As a direct and proximate result of Defendant's unlawful, unfair, and/or fraudulent acts and practices described herein, Defendant has received, and continues to hold, unlawfully obtained property and money belonging to Plaintiff and Class Members in the form of payments made for subscription agreements by Plaintiff and Class Members. Defendant has profited from its unlawful, unfair, and/or fraudulent acts and practices in the amount of those business expenses and interest accrued thereon.

48.     Plaintiff and similarly situated Class Members are entitled to injunctive relief and/or restitution pursuant to Business & Professions Code §17535 for all monies paid by Class Members under the subscription agreements from December 1, 2010 to the date of such restitution, at rates specified by law. Defendant should be required to disgorge all the profits and gains it has reaped and restore such profits and gains to Plaintiff and Class Members, from whom they were unlawfully taken.

COMPLAINT FOR: (1) VIOLATION OF CALIFORNIA'S AUTOMATIC RENEWAL LAW (CAL. BUS. PROF. CODE §§17600-17604); (2) UCL VIOLATIONS (BUS. & PROF. CODE §§ 17200-17204); (3) INJUNCTIVE RELIEF AND RESTITUTION (BUS. & PROF. CODE § 17535); (4) VIOLATION OF THE CONSUMER LEGAL REMEDIES ACT (CALIFORNIA CIVIL CODE §§ 1750 ET SEQ.); AND (5) COMMON COUNT FOR MONEY HAD AND RECEIVED – CASE NO.:

1    49.    Plaintiff and similarly situated Class Members are entitled to enforce all applicable

2    penalty provisions of the Labor Code pursuant to the Business & Professions Code.

3    50.    Plaintiff has assumed the responsibility of enforcement of the laws and public policies

4    specified herein by suing on behalf of himself and other similarly situated members of the public who

5    upgraded their Dropbox accounts from a free account to a Pro Account in California.  Plaintiff's

6    success in this action will enforce important rights affecting the public interest.  Plaintiff will incur a

7    financial burden in pursuing this action in the public interest.  Therefore, an award of reasonable

8    attorneys' fees to Plaintiff is appropriate pursuant to Code of Civil Procedure §1021.5.

9    51.    Plaintiff, on behalf of himself and similarly situated Class Members, requests relief as

10   described below.

**FOURTH CAUSE OF ACTION**

11

**VIOLATION OF CONSUMER LEGAL REMEDIES ACT**

12   **(CALIFORNIA CIVIL CODE §§ 1750 ET SEQ.)**

13   52.    The allegations of Paragraphs 1 through 51 are realleged and incorporated herein by

14   reference, and Plaintiff alleges this cause of action on behalf of himself and the above-described class

15   of similarly situated Class Members.

16   53.    Plaintiff brings this cause of action on behalf of himself and on behalf of the Class

17   Members seeking injunctive relief pursuant to the Consumer Legal Remedies Act, California Civil

18   Code §§ 1750 et seq. ("CLRA").

19

20   54.    California Civil Code §1770(a) (14) specifically prohibits representations that a

21   transaction confers or involves rights, remedies, or obligations, which it does not have or involve or

22   which are prohibited by law.

23   55.    Defendant has violated the CLRA by representing that it had rights and remedies that it

24   did not have, specifically that it had the right to charge Plaintiff and Class Members' payment method

25   without first obtaining Plaintiff and Class Members' affirmative consent of the agreement containing

26

27

28

COMPLAINT FOR:  (1) VIOLATION OF CALIFORNIA'S AUTOMATIC RENEWAL LAW (CAL. BUS. PROF. CODE §§17600-17604); (2) UCL
VIOLATIONS (BUS. & PROF. CODE §§ 17200-17204); (3) INJUNCTIVE RELIEF AND RESTITUTION (BUS. & PROF. CODE § 17535); (4)
VIOLATION OF THE CONSUMER LEGAL REMEDIES ACT (CALIFORNIA CIVIL CODE §§  1750 ET SEQ.); AND (5) COMMON COUNT FOR
MONEY HAD AND RECEIVED – CASE NO.:

1  the automatic renewal offer terms or continuous service offer terms, and through other conduct

2  described above.

3      56.    Plaintiff and the Class Members reasonably relied upon those material

4  misrepresentations.

5      57.    On February 28, 2014 Plaintiff, through his counsel, sent a notice and demand letter by

6  certified mail, return receipt requested, to Defendant, pursuant to California Civil Code §1782. A copy

7  of Plaintiff's CLRA letter is attached hereto as Exhibit D.

8      58.    Pursuant to California Civil Code §§ 1780 and 1781, Plaintiff and Class Members
9
   hereby request certification of Plaintiff's Class, injunctive relief, and attorneys' fees, costs and
10
   expenses.
11
                                  **FIFTH CAUSE OF ACTION**
12                       **COMMON COUNT: MONEY HAD AND RECEIVED**

13      59.    The allegations of Paragraphs 1 through 58 are realleged and incorporated herein by

14  reference, and Plaintiff alleges this cause of action on behalf of himself and the above-described class

15  of similarly situated Class Members.

16      60.    Defendant received money from Plaintiff and Class Members.

17      61.    The monies belong to Plaintiff and Class Members.
18
       62.    Defendant has not returned the money.
19
20      63.    Plaintiff, on behalf of himself and similarly situated Class Members, requests relief as

21  described below.

22                                  **PRAYER FOR RELIEF**

23  WHEREFORE, Plaintiff requests the following relief:

24      A.    That the Court determine that this action may be maintained as a class action under
25
   Code of Civil Procedure §382, and define the Class as requested herein;
26

27
28

1    B.    That the Court find and declare that Defendant's violated Cal Bus. & Prof. Code

2    §17602(a)(2) by charging Plaintiff and Class Members' payment method without first obtaining their

3    affirmative consent to the agreement containing the automatic renewal offer term or continuous service

4    offer terms;

5    C.    That the Court find and declare that Defendant has violated the UCL and committed

6    unfair and unlawful business practices by violating Cal. Bus. & Prof. Code. §17602;

7    D.    That the Court award to Plaintiff and Class Members full restitution in the amount of

8    the subscription payments made by them pursuant to Cal. Bus. & Prof. Code §17603, in an amount to

9    be proved at trial;

10

11    E.    That Defendant be ordered to pay restitution to Plaintiff and the Class due to

12    Defendant's UCL violations, pursuant to Business and Professions Code §§17200-17205 in the amount

13    of their subscription agreement payments;

14    F.    That the Court find that Plaintiff and Class Members are entitled to injunctive relief

15    and/or restitution pursuant to Cal. Bus. & Prof. Code §17535;

16    G.    That Plaintiff and the Class be awarded reasonable attorneys' fees and costs pursuant to

17    Code of Civil Procedure §1021.5, California Civil Code §1780, and/or other applicable law;

18    H.    That the Court find that Defendant is in possession of money that belongs to Plaintiff

19    and Class Members and that Defendant has not returned the money;

20    I.    That the Court award such other and further relief as the Court may deem appropriate.

21

22

23

24

25

26

27                                          19

~~DEMAND FOR JURY TRIAL~~ 

Plaintiff, on behalf of himself and the Class Members, hereby demands a jury trial on all causes of action and claims with respect to which they have a right to jury trial.

Dated: February 28, 2014

JULIAN HAMMOND, CA Bar No. 268489
Hammond.julian@gmail.com
HammondLaw, PC
1180 S. Beverly Drive, Suite 610
Los Angeles, CA 90035
(310) 601-6766
(310) 295-2385 (Fax)

ARI CHERNIAK, CA Bar No. 290071
ari.cherniak@gmail.com
HammondLaw, P.C.
1829 Reisterstown Rd. Suite 410
Baltimore, MD 21208
(443) 739-5758
(310) 295-2385 (Fax)

ATTORNEYS FOR PLAINTIFF AND THE PUTATIVE CLASS

**EXHIBIT A**



| Terms of Service | Privacy Policy | Business Agreement | DMCA Policy | Pricing Terms | Security Overview | Acceptable Use |

We are updating our Terms of Service, Privacy Policy, and Business Agreement. These updates will go into effect on March 24, 2014. Find out more here.

## Dropbox Terms of Service

Last Modified: March 26, 2012

Thank you for using Dropbox! These terms of service (the "**Terms**") govern your access to and use of Dropbox ("**we**" or "**our**") websites and services (the "**Services**"), so please carefully read them before using the Services.

**By using the Services you agree to be bound by these Terms**. If you are using the Services on behalf of an organization, you are agreeing to these Terms for that organization and promising that you have the authority to bind that organization to these terms. In that case, "you" and "your" will refer to that organization.

You may use the Services only in compliance with these Terms. You may use the Services only if you have the power to form a contract with Dropbox and are not barred under any applicable laws from doing so. The Services may continue to change over time as we refine and add more features. We may stop, suspend, or modify the Services at any time without prior notice to you. We may also remove any content from our Services at our discretion.

### Your Stuff & Your Privacy

By using our Services you provide us with information, files, and folders that you submit to Dropbox (together, "your stuff"). You retain full ownership to your stuff. We don't claim any ownership to any of it. These Terms do not grant us any rights to your stuff or intellectual property except for the limited rights that are needed to run the Services, as explained below.

We may need your permission to do things you ask us to do with your stuff, for example, hosting your files, or sharing them at your direction. This includes product features visible to you, for example, image thumbnails or document previews. It also includes design choices we make to technically administer our Services, for example, how we redundantly backup data to keep it safe. You give us the permissions we need to do those things solely to provide the Services. This permission also extends to trusted third parties we work with to provide the Services, for example Amazon, which provides our storage space (again, only to provide the Services).

To be clear, aside from the rare exceptions we identify in our Privacy Policy, no matter how the Services change, we won't share your content with others, including law enforcement, for any purpose unless you direct us to. How we collect and use your information generally is also explained in our Privacy Policy.

You are solely responsible for your conduct, the content of your files and folders, and your communications with others while using the Services. For example, it's your responsibility to ensure that you have the rights or permission needed to comply with these Terms.

We may choose to review public content for compliance with our community guidelines, but you acknowledge that Dropbox has no obligation to monitor any information on the Services. We are not responsible for the accuracy, completeness, appropriateness, or legality of files, user posts, or any other information you may be able to access using the Services.

### Sharing Your Stuff

The Services provide features that allow you to share your stuff with others or to make it public. There are many things that users may do with that stuff (for example, copy it, modify it, re-share it). Please consider carefully what you choose to share or make public. Dropbox has no responsibility for that activity.

### Your Responsibilities

Files and other content in the Services may be protected by intellectual property rights of others. Please do not copy, upload, download, or share files unless you have the right to do so. You, not Dropbox, will be fully responsible and liable for what you copy, share, upload, download or otherwise use while using the Services. You must not upload spyware or any other malicious software to the Service.

You, and not Dropbox, are responsible for maintaining and protecting all of your stuff. Dropbox will not be liable for any loss or corruption of your stuff, or for any costs or expenses associated with backing up or restoring any of your stuff.

If your contact information, or other information related to your account, changes, you must notify us promptly and keep your information current. The Services are not intended for use by you if you are under 13 years of age. By agreeing to these Terms, you are representing to us that you are over 13.

### Account Security

You are responsible for safeguarding the password that you use to access the Services and you agree not to disclose your password to any third party. You are responsible for any activity using your account, whether or not you authorized that activity. You should immediately notify Dropbox of any unauthorized use of your account. You acknowledge that if you wish to protect your transmission of data or files to Dropbox, it is your responsibility to use a secure encrypted connection to

communicate with the Services.

## Software and Updates

Some use of our Service requires you to download a client software package ("Software"). Dropbox hereby grants you a limited, nonexclusive, nontransferable, revocable license to use the Software, solely to access the Services. Your license to use the Software is automatically revoked if you violate these Terms in a manner that implicates our intellectual property rights. We hereby reserve all rights not expressly granted in these Terms. You must not reverse engineer or decompile the Software, nor attempt to do so, nor assist anyone else to do so. Our Services may update the Software on your device automatically when a new version is available. Our pause syncing feature pauses syncing of your files, but may not cease all data transfer, so you should exit the desktop client if you'd like to stop data transfer.

## Dropbox Property and Feedback

These terms do not grant you any right, title, or interest in the Services, Software, or the content in the Services. While we appreciate it when users send us feedback, please be aware that we may use any feedback, comments, or suggestions you send us or post in our forums without any obligation to you. The Software and other technology we use to provide the Services are protected by copyright, trademark, and other laws of both the United States and foreign countries. These Terms do not grant you any rights to use the Dropbox trademarks, logos, domain names, or other brand features.

## Acceptable Use Policy

You will not, and will not attempt to, misuse the Services, and will use the Services only in a manner consistent with the Dropbox Acceptable Use Policy.

## Copyright

Dropbox respects others' intellectual property and asks that you do too. We will respond to notices of alleged copyright infringement if they comply with the law and are properly provided to us. Such notices should be reported using our DMCA Process. We reserve the right to delete or disable content alleged to be infringing and to terminate repeat infringers. Our designated agent for notice of alleged copyright infringement on the Services is:

Copyright Agent
Dropbox, Inc.
185 Berry St. Ste. 400
San Francisco, CA 94107
copyright@dropbox.com

## Other Content

The Services may contain links to third-party websites or resources. Dropbox does not endorse and is not responsible or liable for their availability, accuracy, the related content, products, or services. You are solely responsible for your use of any such websites or resources. Also, if we provide you with any software under an open source license, there may be provisions in those licenses that expressly conflict with these Terms, in which case the open source provisions will apply.

## Termination

Though we'd much rather you stay, you can stop using our Services any time. We reserve the right to suspend or end the Services at any time, with or without cause, and with or without notice. For example, we may suspend or terminate your use if you are not complying with these Terms, or use the Services in any way that would cause us legal liability or disrupt others' use of the Services. If we suspend or terminate your use, we will try to let you know in advance and help you retrieve data, though there may be some cases (for example, repeatedly or flagrantly violating these Terms, a court order, or danger to other users) where we may suspend immediately.

## Dropbox is Available "AS-IS"

Though we want to provide a great service, there are certain things about the service we can't promise. For example, THE SERVICES AND SOFTWARE ARE PROVIDED "AS IS", AT YOUR OWN RISK, WITHOUT EXPRESS OR IMPLIED WARRANTY OR CONDITION OF ANY KIND. WE ALSO DISCLAIM ANY WARRANTIES OF MERCHANTABILITY, FITNESS FOR A PARTICULAR PURPOSE OR NON-INFRINGEMENT. (We are not shouting- it's just that these disclaimers are really important, so we want to highlight them). Dropbox will have no responsibility for any harm to your computer system, loss or corruption of data, or other harm that results from your access to or use of the Services or Software. Some states do not allow the types of disclaimers in this paragraph, so they may not apply to you.

## Limitation of Liability

TO THE FULLEST EXTENT PERMITTED BY LAW, IN NO EVENT WILL DROPBOX, ITS AFFILIATES, OFFICERS, EMPLOYEES, AGENTS, SUPPLIERS OR LICENSORS BE LIABLE FOR (A) ANY INDIRECT, SPECIAL, INCIDENTAL, PUNITIVE, EXEMPLARY OR CONSEQUENTIAL (INCLUDING LOSS OF USE, DATA, BUSINESS, OR PROFITS) DAMAGES, REGARDLESS OF LEGAL THEORY, WHETHER OR NOT DROPBOX HAS BEEN WARNED OF THE POSSIBILITY OF SUCH DAMAGES, AND EVEN IF A REMEDY FAILS OF ITS ESSENTIAL PURPOSE; (B) AGGREGATE LIABILITY FOR ALL CLAIMS RELATING TO THE SERVICES MORE THAN THE GREATER OF $20 OR THE AMOUNTS PAID BY YOU TO DROPBOX FOR THE PAST THREE MONTHS OF THE SERVICES IN QUESTION. Some states do not allow the types of limitations in this paragraph, so they may not apply to you.

## Modifications

We may revise these Terms from time to time and the most current version will always be posted on our website. If a revision, in our sole discretion, is material we will notify you (for example via email to the email address associated with your account). Other changes may be posted to our blog or terms page, so please check those pages regularly. By continuing to access or use the Services after revisions become effective, you agree to be bound by the revised Terms. If you do not agree to the

new terms, please stop using the Services.

**Miscellaneous Legal Terms**

THESE TERMS AND THE USE OF THE SERVICES AND SOFTWARE WILL BE GOVERNED BY CALIFORNIA LAW EXCEPT FOR ITS CONFLICTS OF LAWS PRINCIPLES. ALL CLAIMS ARISING OUT OF OR RELATING TO THESE TERMS OR THE SERVICES OR SOFTWARE MUST BE LITIGATED EXCLUSIVELY IN THE FEDERAL OR STATE COURTS OF SAN FRANCISCO COUNTY, CALIFORNIA, AND BOTH PARTIES CONSENT TO VENUE AND PERSONAL JURISDICTION THERE. These Terms constitute the entire and exclusive agreement between you and Dropbox with respect to the Services, and supersede and replace any other agreements, terms and conditions applicable to the Services. These Terms create no third party beneficiary rights. Dropbox's failure to enforce a provision is not a waiver of its right to do so later. If a provision is found unenforceable the remaining provisions of the Agreement will remain in full effect and an enforceable term will be substituted reflecting our intent as closely as possible. You may not assign any of your rights in these Terms, and any such attempt is void, but Dropbox may assign its rights to any of its affiliates or subsidiaries, or to any successor in interest of any business associated with the Services. Dropbox and you are not legal partners or agents; instead, our relationship is that of independent contractors.

| Dropbox | About us | Support | Community | |
|---|---|---|---|---|
| Install | Dropbox Blog | Help Center | Referrals | 🌐 English ▲ |
| Mobile | Our team | Get Started | Twitter | |
| Pricing | Branding | Privacy & Terms | Facebook | |
| Business | News | Copyright | Developers | |
| Tour | Jobs | Contact us | | |

**EXHIBIT B**



| Terms of Service | Privacy Policy | Business Agreement | DMCA Policy | Pricing Terms | Security Overview | Acceptable Use |
|---|---|---|---|---|---|---|

We are updating our Terms of Service, Privacy Policy, and Business Agreement. These updates will go into effect on March 24, 2014. Find out more here.

**Dropbox for Business Agreement**

Last Modified: April 10, 2013

This Dropbox for Business Agreement (the **"Agreement"**) is between Dropbox, Inc., a Delaware corporation (**"Dropbox"**) and Customer or End User, as applicable. This Agreement governs access to and use of the Dropbox for Business services and any client software (the **"Services"** or **"Dropbox for Business"**).

**The Customer ordering the Services:** If you are ordering the Services, then by clicking "I Agree," signing your contract for the Services or using Dropbox for Business, you agree to this Agreement as a **"Customer."** If you are agreeing to this Agreement for use by an organization, you are agreeing to this Agreement on behalf of that organization. You must have the authority to bind that organization to this Agreement, otherwise you must not sign up for the Services.

**End Users:** If you are using the Services as an **"End User"**, then by clicking "I Agree" or using Dropbox for Business you agree to this Agreement (especially note sections 1 and 13) and the Dropbox Terms of Service at https://www.dropbox.com/terms. To the extent this Agreement conflicts with the Dropbox Terms of Service, this Agreement controls. Please take note that in this Agreement, you are agreeing that your Administrator may be able to control account information and access to your Dropbox for Business account.

1. **End Users.**
    a. **Accounts.** When joining a Dropbox for Business account, an End User may join with a new account or convert an existing personal account into a Dropbox for Business account. It's important to note that once an End User's personal account becomes a Dropbox for Business account, it will be subject to the Administrator's control. End Users must use the Services in compliance with any employment obligations and the Customer's terms and policies.
    b. **Administrator Control.** An End User's Administrator may have the ability to access, disclose, restrict, or remove information in or from an End User's Dropbox for Business account. Administrators may also have the ability to monitor, restrict, or terminate access to an End User's Dropbox for Business account. An End User may not be able to disassociate his or her Dropbox for Business account from the organization.
2. **Customer Obligations.**
    a. **Compliance.** Customer will use the Services in compliance with the Dropbox Terms of Service including the Acceptable Use Policy. Customer will obtain and maintain any consents from End Users to allow Administrators to engage in the activities described in this Agreement and to allow Dropbox to provide the Services. Customer represents, and must ensure, that its End Users are governed by this Agreement, the Dropbox Terms of Service, and consent to the Dropbox Privacy Policy.
    b. **Customer Administration of the Services.** Customer may specify End Users as **"Administrators"** through the administrative console. Customer is responsible for: (i) maintaining the confidentiality of passwords and Administrator accounts; (ii) managing access to Administrator accounts; and (iii) ensuring that Administrator use of the Services complies with this Agreement. Dropbox's responsibilities do not extend to the internal management or administration of the Services for Customer.
    c. **Unauthorized Use & Access.** Customer will prevent unauthorized use of the Services by its End Users and terminate any unauthorized use of the Services. The Services are not intended for use by End Users under the age of 13. Customer will ensure that it does not allow any person under 13 to use the Services. Customer will promptly notify Dropbox of any unauthorized use of, or access to, the Services.
    d. **Restricted Uses.** Customer will not (i) sell, resell, or lease the Services or (ii) use the Services for activities where use or failure of the Services could lead to physical damage, death, or personal injury. Customer, not Dropbox, is responsible for any applicable vertical or industry-specific regulation compliance (e.g. HIPAA).
    e. **Third Party Requests.**
        i. **"Third Party Request"** means a request from a third party for records relating to an End User's use of the Services including information in or from an End User or Customer Dropbox for Business account. Third Party Requests may include valid search warrants, court orders, or subpoenas, or any other request for records from End Users permitting a disclosure.
        ii. Customer is responsible for responding to Third Party Requests via its own access to information. Customer will seek to obtain information required to respond to Third Party Requests and will contact Dropbox only if it cannot obtain such information despite diligent efforts.
        iii. Dropbox will make commercially reasonable efforts, to the extent allowed by law and by the terms of the Third Party Request, to: (A) promptly notify Customer of Dropbox's receipt of a Third Party Request; (B) comply with Customer's commercially reasonable requests regarding its efforts to oppose a Third Party Request; and (C) provide Customer with information or tools required for Customer to respond to the Third Party Request (if Customer is otherwise unable to obtain the information). If Customer fails to promptly respond to any Third Party Request, then Dropbox may, but will not be obligated to do so.
    f. **Communication Setting Management.** Customer is responsible for maintaining all "opt-in/out" settings for communications from or via Dropbox for all of Customer's End Users. Customer will use reasonable efforts to answer any requests from End Users regarding such settings.
3. **Services.**
    a. **Provision of Services.** Customer may access and use the Services made available by Dropbox under this Agreement.
    b. **Facilities and Data Transfer.** Dropbox will use commercially reasonable efforts to ensure that all facilities used to store and process Customer Data meet commercially reasonable security standards. By using the Services, Customer consents to transfer, processing, and storage of Customer Data. **"Customer**

Data" means any data and content stored or transmitted via the Services by Customer or End Users.

   c. **Modifications to the Services.** Dropbox may update the Services from time to time. If Dropbox changes the Services in a manner that materially reduces their functionality, Dropbox will inform Customer, unless Customer has opted-out of communications of that type from Dropbox.

   d. **Limitations on Use of Services.** Dropbox may impose reasonable limitations on bandwidth usage for the Services.

4. **Support.** Customer will, at its own expense, respond to questions and complaints from End Users or third parties relating to use of the Services. Customer will use reasonable efforts to resolve support issues before escalating them to Dropbox.

5. **Suspension.**

   a. **Of End User Accounts by Dropbox.** If an End User (i) violates this Agreement or the Dropbox Terms of Service; (ii) uses the Services in a manner resulting in excessive support requests; or (iii) uses the Services in a manner that Dropbox reasonably believes will cause it liability, then Dropbox may request that Customer suspend or terminate the applicable End User account. If Customer fails to promptly suspend or terminate the End User account, then Dropbox may do so.

   b. **Security Emergencies.** Notwithstanding anything in this Agreement, if there is a Security Emergency then Dropbox may automatically suspend use of the Services. Dropbox will make commercially reasonable efforts to narrowly tailor the suspension as needed to prevent or terminate the Security Emergency. "**Security Emergency**" means: (i) use of the Services that do or could disrupt the Services, other customers' use of the Services, or the infrastructure used to provide the Services and (ii) unauthorized third party access to the Services.

6. **Intellectual Property Rights.**

   a. **Reservation of Rights.** THIS AGREEMENT DOES NOT GRANT DROPBOX ANY RIGHTS TO CUSTOMER'S OR END USERS' FILES OR THE INTELLECTUAL PROPERTY RIGHTS EMBODIED IN THOSE FILES EXCEPT FOR THE LIMITED RIGHTS EXPRESSLY SET FORTH IN THIS AGREEMENT THAT ARE NEEDED TO RUN THE SERVICES. This Agreement does not grant Customer or End Users (i) any rights to the Intellectual Property Rights in the Services or (ii) any rights to use the Dropbox trademarks, logos, domain names, or other brand features. "**Intellectual Property Rights**" means current and future worldwide rights under patent, copyright, trade secret, trademark, moral rights, and other similar rights.

   b. **Limited Permission.** Dropbox may need Customer permission to do things that Customer or End User ask Dropbox to do with Dropbox for Business accounts, for example, hosting files, or sharing them at Customer or End User's direction. This includes product features visible to Customer or End User, for example, image thumbnails or document previews. It also includes design choices made to technically administer the Services, for example, how the Service redundantly backs up data to keep it safe. Customer grants Dropbox the permissions Dropbox needs to do those things solely to provide the Services and for Dropbox to meet its obligations and exercise its rights under this Agreement. This permission also extends to third parties Dropbox works with to provide the Services, for example Amazon, which provides Dropbox's storage space (again, only to provide the Services).

   c. **Suggestions.** While we appreciate it when users send us feedback, we may, at our discretion and for any purpose, use, modify, and incorporate into our products and services, license and sublicense, any feedback, comments, or suggestions Customer or End Users send Dropbox or post in Dropbox's forums without any obligation to Customer or End Users.

   d. **Customer List.** Dropbox may include Customer's name in a list of Dropbox customers on the Dropbox website.

7. **Third Party Services.** If Customer uses any third-party service with the Services, (a) the service may access or use Customer's or End User's information; (b) Dropbox will not be responsible for any act or omission of the third party, including the third party's use of Customer's or End User's information; and (c) Dropbox does not warrant or support any service provided by the third party.

8. **Disclaimers.** THE SERVICES ARE PROVIDED "AS IS." TO THE FULLEST EXTENT PERMITTED BY LAW, EXCEPT AS EXPRESSLY STATED IN THIS AGREEMENT, NEITHER DROPBOX NOR CUSTOMER MAKES ANY WARRANTY OF ANY KIND, WHETHER EXPRESS, IMPLIED, STATUTORY OR OTHERWISE, INCLUDING WARRANTIES OF MERCHANTABILITY, FITNESS FOR A PARTICULAR USE, OR NONINFRINGEMENT. DROPBOX MAKES NO REPRESENTATIONS ABOUT ANY CONTENT OR INFORMATION IN OR FROM AN END USER OR CUSTOMER SERVICES ACCOUNT. Dropbox is not responsible for the accuracy, completeness, appropriateness, or legality of files, user posts, or any other information in or from an End User or Customer Services account. Dropbox has no responsibility or liability for the deletion or failure to store any information in or from an End User or Customer Services account.

9. **Fees & Payment.**

   a. **Fees.** Customer will pay, and authorizes Dropbox to charge using Customer's selected payment method, for all applicable fees. If Customer enrolls in the annual billing plan, fees are refundable within the first 30 days of the Services. Otherwise, fees are non-refundable except as required by law. Customer is responsible for providing complete and accurate billing and contact information to Dropbox. Dropbox may suspend or terminate the Services if fees are 30 days past due.

   b. **Auto Renewals and Trials.** IF CUSTOMER'S ACCOUNT IS SET TO AUTO RENEWAL, OR IS IN A TRIAL PERIOD, DROPBOX MAY AUTOMATICALLY CHARGE AT THE END OF THE TRIAL, OR FOR THE RENEWAL, UNLESS CUSTOMER NOTIFIES DROPBOX THAT CUSTOMER WANTS TO CANCEL OR DISABLE AUTO RENEWAL. Dropbox may revise Service rates by providing Customer at least 30 days notice prior to the next charge.

   c. **Taxes.** Customer is responsible for all taxes. Dropbox will charge tax when required to do so. If Customer is required by law to withhold any taxes, Customer must provide Dropbox with an official tax receipt or other appropriate documentation.

10. **Term & Termination.**

   a. **Term.** This Agreement will remain in effect until Customer's subscription to the Services expires or terminates, or until the Agreement is terminated.

   b. **Termination for Breach.** Either Dropbox or Customer may suspend performance or terminate this Agreement if: (i) the other party is in material breach of the Agreement and fails to cure that breach within 30 days after receipt of written notice or (ii) the other party ceases its business operations or becomes subject to insolvency proceedings and the proceedings are not dismissed within 90 days.

   c. **Termination at Will.** Customer may terminate this Agreement at any time by disabling Customer's Services account via the Services administrative console.

   d. **End User Termination.** End Users may stop using the Services at any time. If an End User's Dropbox for Business account is converted into a personal account, this Agreement will terminate for that account with respect to the End User except that the Dropbox Terms of Service will continue to apply.

   e. **Effects of Termination.** If this Agreement terminates: (i) the rights granted by Dropbox to Customer will cease immediately (except as set forth in this section); (ii) the rights granted by Dropbox to End User will cease immediately; (iii) Dropbox may provide Customer access to its account at then-current rates so that Customer may export its information; and (iv) after a commercially reasonable period of time, Dropbox may delete any data relating to Customer's account. The following sections will survive expiration or termination of this Agreement: 1(c) (Administrator Control), 2(e) Third Party Requests, 6 (Intellectual Property Rights), 8 (Disclaimers), 9 (Fees & Payment), 10(d) (End User Termination), 10(e) (Effects of Termination), 11 (Indemnification), 12 (Limitation of Liability), and 13 (Miscellaneous).

11. **Indemnification.**

   a. **By Customer.** Customer will indemnify, defend, and hold harmless Dropbox from and against all liabilities, damages, and costs (including settlement costs and reasonable attorneys' fees) arising out of a third party claim regarding: (i) Customer Data; (ii) Customer's use of the Services in violation of this Agreement or Acceptable Use Policy; or (iii) use of the Services by Customer's End Users.

   b. **By Dropbox.** Dropbox will indemnify, defend, and hold harmless Customer from and against all liabilities, damages, and costs (including settlement costs and reasonable attorneys' fees) arising out of a claim by a third party against Customer to the extent based on an allegation that Dropbox's technology used to provide the Services to the Customer infringes or misappropriates any copyright, trade secret, U.S. patent, or trademark right of the third party.

In no event will Dropbox have any obligations or liability under this section arising from: (i) use of any Services in a modified form or in combination with materials not furnished by Dropbox, and (ii) any content, information, or data provided by Customer, End Users or other third parties.

c. **Possible Infringement.** If Dropbox believes the Services infringe or may be alleged to infringe a third party's Intellectual Property Rights, then Dropbox may: (i) obtain the right for Customer, at Dropbox's expense, to continue using the Services; (ii) provide a non-infringing functionally equivalent replacement; or (iii) modify the Services so that they no longer infringe. If Dropbox does not believe the options described in this section are commercially reasonable then Dropbox may suspend or terminate Customer's use of the impacted Services (with a pro- rata refund of pre-paid fees for the Services).

d. **General.** The party seeking indemnification will promptly notify the other party of the claim and cooperate with the other party in defending the claim. The indemnifying party has full control and authority over the defense, except that: (i) any settlement requiring the party seeking indemnification to admit liability requires prior written consent, not to be unreasonably withheld or delayed and (ii) the other party may join in the defense with its own counsel at its own expense. THE INDEMNITIES ABOVE ARE DROPBOX AND CUSTOMER'S ONLY REMEDY UNDER THIS AGREEMENT FOR VIOLATION BY THE OTHER PARTY OF A THIRD PARTY'S INTELLECTUAL PROPERTY RIGHTS.

12. **Limitation of Liability.**

a. **Limitation on Indirect Liability.** EXCEPT FOR DROPBOX OR CUSTOMER'S INDEMNIFICATION OBLIGATIONS, NEITHER DROPBOX NOR CUSTOMER WILL BE LIABLE FOR LOST REVENUES OR INDIRECT, SPECIAL, INCIDENTAL, CONSEQUENTIAL, EXEMPLARY, OR PUNITIVE DAMAGES, EVEN IF THE PARTY KNEW OR SHOULD HAVE KNOWN THAT SUCH DAMAGES WERE POSSIBLE AND EVEN IF DIRECT DAMAGES DO NOT SATISFY A REMEDY.

b. **Limitation on Amount of Liability.** DROPBOX'S AGGREGATE LIABILITY UNDER THIS AGREEMENT WILL NOT EXCEED THE LESSER OF $100,000 OR THE AMOUNT PAID BY CUSTOMER TO DROPBOX HEREUNDER DURING THE TWELVE MONTHS PRIOR TO THE EVENT GIVING RISE TO LIABILITY.

13. **Miscellaneous.**

a. **Terms Modification.** Dropbox may revise this Agreement from time to time and the most current version will always be posted on the Dropbox for Business website. If a revision, in Dropbox's sole discretion, is material, Dropbox will notify you (for example to the email address associated with the applicable account). Other revisions may be posted to Dropbox's blog or terms page, and you are responsible for checking such postings regularly. By continuing to access or use the Services after revisions become effective, you agree to be bound by the revised Agreement. If Customer does not agree to the revised Agreement terms, Customer may cancel the Services. If the revision is material and Customer cancels before the effective date of the revision, Dropbox will refund a pro-rated amount of any fees Customer paid in advance for the Services for the unused portion of the term. If End User does not agree to the revised Agreement terms, End User must stop using the Dropbox for Business account. Customer may grant approvals, permissions, extensions and consents by email.

b. **Entire Agreement.** The Agreement, including Customer's invoice, the Dropbox Terms of Service constitute the entire agreement between you and Dropbox with respect to its subject matter of this Agreement, and supersedes and replaces any prior or contemporaneous understandings and agreements, whether written or oral, with respect to the subject matter of this Agreement. If there is a conflict between the documents that make up this Agreement, the documents will control in the following order: the invoice, the Agreement, the Dropbox Terms of Service,

c. **Governing Law.** THE AGREEMENT AND SERVICES WILL BE GOVERNED BY CALIFORNIA LAW EXCEPT FOR ITS CONFLICTS OF LAWS PRINCIPLES. ALL CLAIMS ARISING OUT OF OR RELATED TO THIS AGREEMENT OR THE SERVICES MUST BE LITIGATED EXCLUSIVELY IN THE FEDERAL OR STATE COURTS OF SAN FRANCISCO COUNTY, CALIFORNIA, AND THE PARTIES CONSENT TO VENUE AND PERSONAL JURISDICTION THERE.

d. **Severability.** Unenforceable provisions will be modified to reflect the parties' intention and only to the extent necessary to make them enforceable, and remaining provisions of the Agreement will remain in full effect.

e. **Notice.** Notices must be sent via first class, airmail, or overnight courier and are deemed given when received. Notices to you may also be sent to the applicable account email address, and are deemed given when sent. Notices to Dropbox must be sent to Dropbox, Inc., 185 Berry St, Suite 400, San Francisco, CA 94107, with a copy to the Legal Department.

f. **Waiver.** A waiver of any default is not a waiver of any subsequent default.

g. **Assignment.** Customer may not assign or transfer any part of this Agreement without the written consent of Dropbox. Dropbox may not assign this Agreement without providing notice to Customer, except Dropbox may assign this Agreement to an affiliate or in connection with a merger, acquisition, corporate reorganization, or sale of all or substantially all of its assets without providing notice. Any other attempt to transfer or assign is void.

h. **No Agency.** Dropbox and Customer are not legal partners or agents, but are independent contractors.

i. **Force Majeure.** Neither Dropbox nor Customer will be liable for inadequate performance to the extent caused by a condition that was beyond the party's reasonable control (for example, natural disaster, act of war or terrorism, riot, labor condition, governmental action, and Internet disturbance).

j. **No Third-Party Beneficiaries.** There are no third-party beneficiaries to this Agreement. Without limiting this section, a Customer's End Users are not third party beneficiaries to Customer's rights under this Agreement.

k. **Export Restrictions.** The export and re-export of data via the Services may be controlled by the United States Export Administration Regulations. The Services may not be used in Cuba; Iran; North Korea; Sudan; or Syria or any country that is subject to an embargo by the United States and Customer must ensure that Administrators and End Users do not use the Services in violation of any export restriction or embargo by the United States. In addition, Customer must ensure that the Services are not provided to persons on the Table of Denial Orders, the Entity List, or the List of Specially Designated Nationals.

| Dropbox | About us | Support | Community | |
|---|---|---|---|---|
| Install | Dropbox Blog | Help Center | Referrals | |
| Mobile | Our team | Get Started | Twitter | |
| Pricing | Branding | Privacy & Terms | Facebook | |
| Business | News | Copyright | Developers | |
| Tour | Jobs | Contact us | | |

 English ▲

**EXHIBIT C**

# EXHIBIT A-1

## <u>NOTICE TO PLAINTIFF</u>

A Case Management Conference is set for:

           **DATE:**    **JUL-30-2014**

           **TIME:**    **10:30AM**

           **PLACE:**   **Department 610**
                         **400 McAllister Street**
                         **San Francisco, CA 94102-3680**

All parties must appear and comply with Local Rule 3.

> CRC 3.725 requires the filing and service of a case management statement form CM-110 no later than 15 days before the case management conference.  However, it would facilitate the issuance of a case management order   **without an appearance**   at the case management conference if the case management statement is filed, served and lodged in Department 610 twenty-five (25) days before the case management conference.

Plaintiff must serve a copy of this notice upon each party to this action with the summons and complaint. Proof of service subsequently filed with this court shall so state.   **This case is eligible for electronic filing and service per Local Rule 2.10.  For more information, please visit the Court's website at www.sfsuperiorcourt.org under Online Services.**

### <u>ALTERNATIVE DISPUTE RESOLUTION POLICY REQUIREMENTS</u>

> **IT IS THE POLICY OF THE SUPERIOR COURT THAT EVERY CIVIL CASE PARTICIPATE IN EITHER MEDIATION, JUDICIAL OR NON-JUDICIAL ARBITRATION, THE EARLY SETTLEMENT PROGRAM OR SOME SUITABLE FORM OF ALTERNATIVE DISPUTE RESOLUTION PRIOR TO A TRIAL.**
> (SEE LOCAL RULE 4)

Plaintiff must serve a copy of the Alternative Dispute Resolution Information Package on each defendant along with the complaint.  All counsel must discuss ADR with clients and opposing counsel and provide clients with a copy of the Alternative Dispute Resolution Information Package prior to filing the Case Management Statement.

**[DEFENDANTS: Attending the Case Management Conference does not take the place of filing a written response to the complaint. You must file a written response with the court within the time limit required by law. See Summons.]**

Superior Court Alternative Dispute Resolution Coordinator
400  McAllister Street, Room 103
San Francisco, CA  94102
(415) 551-3876

*See Local Rules 3.3, 6.0 C and 10 B re stipulation to judge pro tem.*

# EXHIBIT A-2

JULIAN HAMMOND, CA Bar No. 268489
Hammond.julian@gmail.com
HammondLaw, PC
1180 S. Beverly Drive, Suite 610
Los Angeles, CA 90035
(310) 601-6766
(310) 295-2385 (Fax)

ARI CHERNIAK, CA Bar No. 290071
ari.cherniak@gmail.com
HammondLaw, P.C.
1829 Reisterstown Rd. Suite 410
Baltimore, MD 21208
(443) 739-5758
(310) 295-2385 (Fax)

Attorneys for Plaintiffs and Putative Class

**F I L E D**

Superior Court of California
County of San Francisco

FEB 28 2014

CLERK OF THE COURT
BY: _____
Deputy Clerk

IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF SAN FRANCISCO

| | |
|---|---|
| Etan Goldman, individually and on behalf of all others similarly situated,<br><br>       Plaintiff,<br><br>vs.<br><br>Dropbox, Inc. a Delaware Corporation<br><br>       Defendant. | Case No.: **CGC - 14 - 537731**<br><br>**APPLICATION FOR APPROVAL OF COMPLEX LITIGATION DESIGNATION**<br><br>BY FAX |

1    Plaintiff Etan Goldman ("Plaintiff") hereby applies for Plaintiff's Complaint (hereinafter

2  "Complaint") to be designated as complex litigation.

3    **Factual Summary**

4    Defendant is a business that provides through its website a file hosting service that offers cloud

5  storage, file synchronization, and client software to consumers. Complaint at ¶ 17. Plaintiff Goldman is

6  a consumer who purchased an automatic renewal subscription plan from Defendant Dropbox, Inc.

7
   ("Defendant") through his personal computer in California on or around May 2012. Id. at ¶ 8. In order
8
   to purchase the subscription plan, Plaintiff had to log on to Defendant's website, select a subscription
9
10 plan, enter his credit or debit card information, and then click on a button called "Upgrade to Pro". Id.

11 at ¶ 23. Plaintiff alleges that at no time prior to charging Plaintiff's credit card, debit card or third party

12 account did Defendant obtain Plaintiff's affirmative consent to the terms of the automatic renewal offer

13 as required under California's Automatic Renewal Law (Cal. Bus. Prof. Code §§17602 (a) (2)). Id. at ¶

14
   ¶ 25-27. Plaintiff alleges that Defendant is in violation of Cal. Bus. Prof. Code §§17603, 17604, 17535,
15
   and 17200, et seq., California Civil Code §§1750 et seq., and money had and received. Id. at ¶ 1.
16
17 Plaintiff seeks restitution, injunctive and/or other equitable relief and reasonable attorneys' fees and

18 costs on behalf of himself and all others similarly situated. Id. at. ¶ 1.

19 **Application for Approval of Complex Litigation Designation**

20    Plaintiff hereby applies for this Complaint to be designated as complex according to the

21 following factors set forth in California Rules of Court 3.400 (b):

22
         1.   This Complaint raises numerous pretrial motions concerning difficult or novel legal
23
   issues that will be time-consuming to resolve, including whether Defendant is compliant with the
24
25 requirements of the California's Automatic Renewal Law and whether Defendant is in violation of Cal.

26 Bus. & Prof Code §§ 17200-17204;

27

28

1        2. This Complaint is a Class Action on behalf of all individuals that subscribe or have

2  subscribed to Defendant's file hosting service in California since December 1, 2010. The Class that

3  Plaintiff seeks to represent consists of thousands of Defendant's subscribers, and therefore requires the

4  management of a large number of witnesses and a substantial amount of documentary evidence;

5        3. This Complaint will require substantial post-judgment judicial supervision due to the

6  size of the class that Plaintiff seeks to represent, and the complexity of administering a Class-wide

7

8  settlement.

9

10  Dated: February 28, 2014        *Ari Cherniak*

11                        JULIAN HAMMOND, CA Bar No. 268489
                        Hammond.julian@gmail.com

12                        HammondLaw, PC
                        1180 S. Beverly Drive, Suite 610

13                        Los Angeles, CA 90035
                        (310) 601-6766

14                        (310) 295-2385 (Fax)

15                        ARI CHERNIAK, CA Bar No. 290071
                        ari.cherniak@gmail.com

16                        HammondLaw, P.C.
                        1829 Reisterstown Rd. Suite 410

17                        Baltimore, MD 21208
                        (443) 739-5758

18                        (310) 295-2385 (Fax)

19                        ATTORNEYS FOR PLAINTIFF AND PUTATIVE CLASS

20

21

22

23

24

25

26

27

28

# EXHIBIT A-3

FILED

Superior Court of California
County of San Francisco

FEB 20 2014

CLERK OF THE COURT
BY: _____
                    Deputy Clerk

1  JULIAN HAMMOND, CA Bar No. 268489
   Hammond.julian@gmail.com
2  HammondLaw, PC
3  1180 S. Beverly Drive, Suite 610
   Los Angeles, CA  90035
4  (310) 601-6766
   (310) 295-2385 (Fax)
5

6  ARI CHERNIAK, CA Bar No. 290071
   ari.cherniak@gmail.com
7  HammondLaw, P.C.
   1829 Reisterstown Rd. Suite 410
8  Baltimore, MD 21208
   (443) 739-5758
9  (310) 295-2385 (Fax)

10  Attorneys for Plaintiffs and Putative Class

11

12          **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

13                  **COUNTY OF SAN FRANCISCO**

14

15  Etan Goldman, individually and on behalf of all
16  others similarly situated,

17                    Plaintiff,

18  vs.

19  Dropbox, Inc., a Delaware Corporation

20

21                    Defendant.

22

Case No. **CGC - 14 - 537731**

<u>CLASS ACTION</u>

PLAINTIFF'S DECLARATION OF VENUE

BY FAX

---

PLAINTIFF'S DECLARATION OF VENUE

I, Ari Cherniak, declare as follows:

1.    I am a member of the State Bar of California and admitted to practice law in all the courts of the State of California and in the United States District Court for the Northern District of California. I am in good standing with the Bar and with this Court. I am an associate in the law firm of HammondLaw, P.C. and am counsel for Plaintiff in the above-entitled action.

2.    I make this declaration of my own personal knowledge, and I could and would testify truthfully to the matters stated herein.

3.    I make this declaration pursuant to California Civil Code section 1780(d) concerning the place of venue for this action.

4.    Defendant in this action, Dropbox, Inc., has its principal place of business is in San Francisco County, California.

5.    Venue is proper in San Franisco County because Defendants conduct substantial business activity, including the representations to consumers at issue in this lawsuit, in San Francisco County.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed this 28th day of February, 2014, at Baltimore, MD.

_Ari Cherniak_
ARI CHERNIAK

PLAINTIFF'S DECLARATION OF VENUE

**EXHIBIT A-4**

**ATTORNEY OR PARTY WITHOUT ATTORNEY** *(Name, State Bar number, and address):*
Julian hammond, 268489
Hammond Law, PC
1180 South Beverly Drive Suite 6
Los Angeles, CA 90035
TELEPHONE NO.: (310) 601-6766
ATTORNEY FOR *(Name):* Plaintiff

**F I L E D**
FOR COURT USE ONLY
Superior Court of California
County of San Francisco

MAR 0 3 2014

CLERK OF THE COURT
BY _____

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF**
Superior Court of California, San Francisco County
400 McAllister Street, Civil
San Francisco, CA 94102-0000

PLAINTIFF/PETITIONER: Etan Goldman

DEFENDANT/RESPONDENT: Dropbox, Inc., a Delaware Corporation

| | |
|---|---|
| **PROOF OF SERVICE OF SUMMONS** | CASE NUMBER:<br>CGC 14-537731 |
| | Ref. No. or File No.:<br>none |

1. At the time of service I was a citizen of the United States, at least 18 years of age and not a party to this action.

2. I served copies of: Civil Case Cover Sheet, Complaint, Declaration of Venue, Summons, Application for Complex Case Designation

3. a. Party served: Dropbox, Inc., a Delaware Corp.

    b. Person Served: CSC - Becky DeGeorge - Person authorized to accept service of process

4. Address where the party was served: 2710 N Gateway Oaks Dr Ste 150
    Sacramento, CA 95833

5. I served the party
    a. **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on (date): 3/3/2014      (2) at  (time): 1:50 PM

6. The "Notice to the Person Served" (on the summons) was completed as follows:

    c. on behalf of:


    Dropbox, Inc., a Delaware Corp.


    under:      CCP 416.10 (corporation)

7. **Person who served papers**
    a. Name:      Michelle Dodd
    b. Address:    One Legal - 194-Marin
                504 Redwood Blvd #223
                Novato, CA 94947

    c. Telephone number: 415-491-0606
    d. The fee for service was: $ 36.95
    e I am:
       (3) registered California process server.
          (i)  Employee or independent contractor.
          (ii) Registration No.: 2011-42
          (iii) County: SACRAMENTO

8. I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct.

Date:  3/3/2014

*Michelle Dodd*

BY FAX

Michelle Dodd
(NAME OF PERSON WHO SERVED PAPERS)            (SIGNATURE)

Form Adopted for Mandatory Use
Judicial Council of California POS-010
[Rev. Jan 1, 2007]

**PROOF OF SERVICE OF SUMMONS**

Code of Civil Procedure, § 417.10

OL# 7340032

**EXHIBIT A-5**

# SUPERIOR COURT OF CALIFORNIA
# COUNTY OF SAN FRANCISCO
### 400 MCALLISTER STREET, SAN FRANCISCO, CA 94102-4514

| | |
|---|---|
| ETAN GOLDMAN | **Department 304** |
| PLAINTIFF (S) | |
| VS. | **NO. CGC-14-537731** |
| DROPBOX INC, A DELAWARE CORPORATION | **Order Granting Complex Designation and for Single Assignment** |
| DEFENDANT (S) | |

TO: ALL COUNSEL AND PARTIES IN PROPRIA PERSONA

The Application for Approval of Complex Designation filed Feb-28-2014, in the above-entitled action, is GRANTED.  Complex Designation is APPROVED and it is hereby ordered that this entire action be assigned for all purposes to the Complex Litigation Department, Judge CURTIS E.A. KARNOW, Department 304, of the California Superior Court for the County of San Francisco at 400 McAllister Street, San Francisco, CA 94102.

The CASE MANAGEMENT CONFERENCE previously set for Jul-30-2014 is canceled and a case management conference is set for Apr-22-2014 at 9:00 am in Department 304.  A JOINT case management statement must be filed and an endorsed copy thereof delivered to Department 304 no later than FOUR (4) court days prior to the case management conference.

All court dates must be reserved in advance with the Clerk of the Court in Department 304. The clerk may be contacted at (415)551-3729.

Please read the "User's Manual for Department 304" located online: http://www.sfsuperiorcourt.org/divisions/civil/litigation

Any pending motions previously set for hearing in the Law and Motion or Discovery Departments should be taken off calendar and the papers forwarded to Department 304 for possible re-setting at the time of the case management conference.

Counsel for plaintiff shall provide a copy of this order and notice to all counsel of record and/or parties In Propria Persona that are not listed in the attached certificate of service.

This case is now subject to mandatory e-filing and e-service pursuant to Local Rule 2.10.  For e-filing registration, training information and service list assistance, contact the Court's approved e-filing & e-service provider at (888)529-7587.

DATED:  MAR-06-2014

Curtis Karnow

JUDGE

# CERTIFICATE OF SERVICE BY MAIL

I, the undersigned, certify that I am an employee of the Superior Court of California, County of San Francisco and not a party to the above-entitled cause and that on MAR-06-2014 I served the attached Order Granting Complex Designation and for Single Assignment by placing a copy thereof in an envelope addressed to all parties to this action as listed below.  I then placed the envelope in the outgoing mail at 400 McAllister Street, San Francisco, CA 94012, on the date indicated above for collection, sealing of the envelope, attachment of required prepaid postage, and mailing on that date, following standard court practice.


Dated :  MAR-06-2014                              By: DANIAL LEMIRE



JULIAN HAMMOND (268489)
HAMMONDLAW, PC
1180 S. BEVERLY DRIVE
SUITE 610
LOS ANGELES, CA  90035